**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **STEPHANIE ELAM BURTON**<br><br>**Plaintiff,**<br>**v.**<br><br>**HWY 160 Revocable Trust; Silver Leaf Assisted Living & Memory Care; Buddy Voth; and Dan Blackburn; Patricia Nixon; Timothy Thompson; iNurse Delegate**<br><br>**Defendants** | **NO. 3:24-cv-1681**<br><br>**CIVIL ACTION - LAW**<br><br>**JURY TRIAL DEMANDED**<br><br>**ELECTRONICALLY FILED** |

**CIVIL COMPLAINT**

AND NOW, comes PLAINTIFFS STEPHANIE ELAM BURTON by and through her counsel, COX LAW GROUP and files the foregoing Civil Complaint:

1. Plaintiff Stephanie Elam Burton is an individual plaintiff residing at 724 Morse Street, Denton, TX 76205.

2. Defendant HWY 160 Revocable Trust is a corporate defendant with a registered address of P.O. Box 191088; Dallas, TX 75219.

3. HWY 160 Revocable Trust was an entity created by Buddy Voth and Daniel Blackburn.

4.      Defendant Silver Leaf Assisted Living & Memory Care is a corporate defendant with an address of P.O. Box 191088; Dallas, TX 75219.

5.      Defendant Buddy Voth is an individual defendant with an address of P.O. Box 191088; Dallas, TX 75219.

6.      Defendant Dan Blackburn is an individual defendant with an address of .P.O. Box 191088; Dallas, TX 75219.

7.      Defendant Patricia Nixon is an individual defendant with an employment address of 11450 US Hwy 380; Suite 130-174; Crossroards, TX 76227.

8.      Defendant iNurse Delegate is a corporate defendant with its incorporation address at 11450 US Hwy 380; Suite 130-174; Crossroads, TX 76227.

9.      Defendant Patricia Nixon is the owner of iNurse Delegate.

10.     Defendant Timothy Thompson is an individual defendant with an address of 10010 Phantom LN; McKinney, TX 75071.

11.     This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. 1331.

12.    This Court has supplemental jurisdiction over the state related matters pursuant to 28 U.S.C. 1367 in that all of the facts and claims in this case arise from the same case, controversy, and transaction regarding the property in question.

13.    This case arises from wrongful foreclosure and questionable judgement with the property at the address of 5555 Highway 160, Whitewright, TX 75491 on or about March 23, 2022 by Order. *See* Order attached hereto.

14.    Defendant Highway 160 Trust became involved in this matter when a woman named Patricia Nixon reached out to James Morris Hankins, Plaintiff's deceased husband.

15.    On or about, the middle of 2019, Patricia Nixon first made her appearance at an estate sale that Plaintiff was holding at the property in question to sell some of her antiques.

16.    Ms. Nixon began a conversation with Plaintiff's deceased husband while she was on the property in question about purchasing the property in question since at the time Plaintiff was interested in selling it.

17.    Ms. Nixon stated that she had been searching for a property like Plaintiff's for a project that she was pursuing to turn a large estate home into a private assisted living/nursing facility.

18.    Ms. Nixon stated that she had the funding in line and was trying to decide on a property to pursue that would best fit her developmental plans for the facility.

19.    On or about, July of 2019, Plaintiff visited a second time with another African American woman who was dressed in scrubs when they visited who was associated with Ms. Nixon.

20.    Ms. Nixon stated that this woman was her manager and business partner and she wished for her to have the opportunity to visit the property as well.

21.    Some of these messages were done in the form of text and are attached hereto.

22.    Some time passed after this second visit by Ms. Nixon and her business partner had passed before Plaintiff heard from them again.

23.    Plaintiff's former husband was finally able to connect with Ms. Nixon on or about January of 2020 over the telephone and she stated to

Plaintiff's husband that she was in the process of finalizing her loan for the property but would stay in contact with him during the final steps of the loan closing.

24.    Shortly after this, Plaintiff and her then husband finalized a divorce.

25.    Shortly after the divorce, Plaintiff's then husband fell ill and was put in the hospital and passed away.

26.    When this happened, Plaintiff knew that she must begin preparing to sell the home for financial reasons.

27.    At this time, Plaintiff reached out to Mr. Timothy Thompson and stated that she knew that Tim Thompson and her then husband had been in contact regarding the delinquency on payments that her then husband was behind on for the property in question.

28.    Plaintiff stated to him that her then husband had passed away and she was in possession of the document which he and my then deceased husband had agreed upon and signed between them regarding the delinquency and the show of good faith that Timothy Thompson had extended my deceased husband for bringing the payments up to date.

29.    Plaintiff expressed that she would be selling the home promptly and required information from him as to what the current balance on the original loan, etc. was in pursuit of clearing the debt with him via the sale of the property.

30.    Mr. Thompson stated that he had nothing to speak with Plaintiff about and hung up on her.

31.    Despite multiple attempts to contact Tim Thompson, Plaintiff was ignored.

32.    Several weeks passed and Plaintiff continued to prepare the home and grounds for sale.

33.    Plaintiff reached out to Patricia Nixon as she had shown interest in the purchase of the property recently during the time when she spoke with her deceased husband at the original visit for the estate sale and multiple times after the original visit.

34.    Plaintiff explained that her then husband had passed away and that I was proceeding with the sale of the home and wanted to inquire if she was still interested.

35. Ms. Nixon stated that she was very interested, but her financing fell through; however, she knew of a few people that she could contact and mentioned to Plaintiff the names Buddy Voth and Daniel Blackburn that would be interested in the property.

36. Ms. Nixon stated that she would have them contact Plaintiff, which they did.

37. Mr. Voth made an appointment directly with Plaintiff via phone to come to Plaintiff's home to tour the property.

38. After the tour happened, he stated that he would be in touch.

39. On or about the middle of 2020 Plaintiff was contacted by Mr. Voth. and Dan Blackburn with the usual questions of what Plaintiff was asking for the home and grounds, what the current balance on the current loan, etc.

40. Plaintiff informed them that she had attempted to reach out to Mr. Timothy Thompson in regards to that information for the purpose of selling the home but was unsuccessful as he refused to converse with me on the subject.

41. Mr. Voth and Mr. Blackburn stated that based off of Mr. Voth's tour they were interested in progressing with the purchase of the property, and suggested to Plaintiff and offered that we place Mr. Timothy Thompson on a 3

way call between Plaintiff, Mr. Thompson, and Mr. Voth and Mr. Blackburn to obtain further balance and loan details.

42.    During this call, the numbers were discussed regarding the current balance of the home and the closing time in which they would take to finalize the purchase and fund Plaintiff, so that Plaintiff could fund Mr. Thompson the remaining balance of the original loan.

43.    When the call ended, Mr. Voth and Mr. Blackburn informed Plaintiff that they would have an attorney "draw up the purchase" and would be in contact with a title company.

44.    Daniel Blackburn and Buddy Voth both reached out to Plaintiff via text message misrepresenting themselves as the trust.

45.    On or about June 16, 2020, Daniel Blackburn reached out to Plaintiff and indicated that he was instructed to reach out by Patricia Nixon.

46.    In Daniel Blackburn's messages, he is attempting to coerce Plaintiff out of the property.

47.    On or about May 28, 2022, Buddy Voth sent Plaintiff a disturbing message stating "Stephanie I am calling the Sheriff to let them know you are

breaking and entering a property you do not have legal rights too. If you have any questions call your attorney. The cops are on the way."

48.    The messages from Buddy Voth and Daniel Blackburn are attached hereto.

49.    Buddy Voth was attempting to coerce Plaintiff out of the property.

50.    This was done in correlation with and at the direction of Patricia Nixon.

51.    Ultimately, Tim Thompson finally answered Plaintiff's call one random afternoon, after Plaintiff receiving the blank foreclosure notifications from the Trust detailed below, stating that he had sold the note to the home and the new owners would be in contact with Plaintiff.

52.    The mail was then picked up out of Plaintiff's mailbox at the property around that time that had a return address on it of Highway 160 Trust

53.    Inside these envelopes were several neatly folded sheets of BLANK computer printer paper.

54.    There were no inclusions in the envelopes.

55. These would come to be known as per the Trust under oath in a courtroom the Notices of Foreclosure that were sent to Plaintiff by the Trust.

56. Plaintiff also received Eviction documents from the Trust stating that her home had been sold to another loan holder and that she needed to remove her items and had 3 hours to do so.

57. On March 23, 2022, the Foreclosure Sale Deed was deemed improper as attached hereto.

58. The name Defendants have created an overall scheme to fraudulently convince Plaintiff that she was having her house foreclosed on and/or being evicted, so they can turn the home into a nursing home or assisted living facility.

59. This is a scheme that the Defendants have created to fraudulently acquire property to further their nursing home/assisted living facility business interest.

60. The nature of the scheme was as follows:

**a.** The parties fraudulently convinced Plaintiff that her home was being foreclosed on.

**b.** The parties did so in order to takeover Plaintiff's home and turn it into a nursing home or assisted living facility.

61.     It is upon information and belief that the Defendants engage in this scheme regularly and have done so to create the included nursing home/assisted living facility Defendants.

62.     A competent court has already deemed the foreclosure wrongful, however this is Plaintiff's only civil recourse.

63.     Plaintiff has exhausted any other remedies and still has not been made whole.

64.     As a result of all of this misrepresentation and scheme Plaintiff has suffered monetary damages and severe emotional distress including but not limited to depression, PTSD, anxiety, etc.

**COUNTS 1 through 7: Racketeer Influenced and Corrupt Organizations Act ("RICO") v. all Defendants**

65.     Plaintiff repeats and realleges the allegations contained in all prior paragraphs as if set forth fully herein.

66.     Defendants participated in a 'pattern of racketeering activity.

67. Defendants activity consists of at least two acts of racketeering committed within 10 years of each other with at least one act occurring after the effective date of the statute.

68. Defendants have the existence of an 'enterprise' which is the instrument, or the target of racketeering activity is required.

69. Defendants engage in or affect interstate commerce.

70. Plaintiff has suffered substantial financial injury due to Defendants activity.

71. Defendants have violated Racketeer Influenced and Corrupt Organizations Act.

**COUNTS 8 through 14: MISREPRESENTATION**

72. Plaintiff repeats and realleges the allegations contained in all prior paragraphs as if set forth fully herein.

73. As alleged hereinabove, to induce Plaintiff into giving up her home, Defendants misrepresented material facts.

74. At the time it made these false representations to Plaintiff, the Defendants knew them to be false; indeed, Defendant made these false representations to Plaintiff solely to defraud Plaintiff into believing that her house was being foreclosed on.

75. Plaintiff reasonably relied upon Defendants.

76. Had Plaintiffs known that the representations were false and fraudulent, Plaintiff never would have engaged in any of this..

77. As a result of the Defendant knowingly false and fraudulent misrepresentations and Plaintiffs reliance thereupon, Plaintiffs have suffered damages.

COX LAW GROUP

Date: July 1, 2024

By: ______________________

Anthony D. Cox Jr., Esquire
Attorney I.D. No. 324175
Pro Hac Vice
2468 Magnolia Terrace
Harrisburg, Pennsylvania 17110

**CERTIFICATE OF SERVICE**

AND NOW, this 1st day of July 2024, I, Anthony D. Cox, Jr., Esquire, hereby certify that I did file the foregoing **and** a true and correct copy is available for viewing by all of the parties of record via electronic filing system.

Filed: 06/23/2022 01:59:54 AM
Deana Patterson, County Clerk
Grayson County, Texas
By: Savage, Briana

**Cause No. 2020-1-433P**

| | | |
|---|---|---|
| **ESTATE OF** | § | **COUNTY COURT AT LAW #1** |
| | § | |
| **JAMES MORRIS HANKINS,** | § | |
| | § | |
| **DECEASED** | § | **GRAYSON COUNTY, TEXAS** |

**ORDER**

On this date the Court considered the Independent Administrator's Motion for Damages Due to Wrongful Foreclosure and Highway 160 Revocable Trust's Motion for Order Authorizing Claimant to Judicially Foreclose Its Lien. The Motions were called for hearing on February 25, 2022. The Independent Administrator, Ms. Elam, appeared in person and through her attorney, Mr. Johnston. Highway 160 Revocable Trust appeared through its representative, Mr. Blackburn, and through its attorneys, Mr. Corley and Mr. Buchholz. The court received evidence and argument. At the conclusion of the hearing, the court took the motions under advisement and allowed the parties to present post-hearing briefs. After careful consideration of all evidence and argument presented, including post-hearing briefs, it is the opinion of the court that the Motions should be granted in part and denied in part as specified herein.

The court finds as follows:

1. The foreclosure leading to the Foreclosure Sale Deed dated September 1, 2020, was improper. The Foreclosure Sale Deed is invalid and is set aside. Title to the property in question is restored to the Estate of James Morris Hankins and Stephanie Hankins (Elam), as tenants in common.

2. The court finds that the claim of Hwy 160 Revocable Trust is a claim for money secured by property of the Estate pursuant to § 403.052 of the Texas Estates Code. Hwy 160 Revocable Trust's claim shall be a preferred debt and lien against the property securing the debt.

3. The court finds that the Independent Administrator should be given an opportunity to market the property for sale or to determine whether to otherwise pay the claim of Hwy 160 Revocable Trust.

4. Pursuant to Estates Code § 403.054, the court finds that Hwy 160 Revocable Trust has demonstrated that it is entitled to foreclose on the property. The court further finds that the foreclosure should be abated until May 30, 2022, which is six months after the date Letters of Administration were granted. If Elam and the Estate are unable to retire the claim of Hwy 160 Revocable Trust which is secured by the property in question by May 30, 2022, then Hwy 160 Revocable Trust shall be permitted to exercise its right to foreclosure and execution.

5. The court finds that the Independent Administrator's Motion for Damages Due to Wrongful Foreclosure is an ineffective procedural mechanism for seeking damages, that it should not be construed as a motion for summary judgment, and that all claims for damages for wrongful foreclosure as presented in the motion should be denied at this time.

**IT IS SO ORDERED.**

**Signed** 3/23/2022

James Corley Henderson

**JUDGE PRESIDING** **3/23/2022 10:52:52 AM**

Notice: >Matthew Johnston
Attorney for Independent Administrator

> Gary Corley
> Robert W. Bucholz
Attorneys for Hwy 160 Revocable Trust

> Joe N. Smith
Attorney Ad Litem

It is the responsibility of the attorneys named above to notify any other counsel (or *pro se* parties) of this Order. A copy of such notice shall be filed with the Court.

Filed: 03/23/2022 11:59:59 AM
Deana Patterson, County Clerk
Grayson County, Texas
By: Savage, Briana

7:35
25
2
Patricia
New Contact Name
Pat Nixon
Update
I can imagine. Well, I don't want to add to your plate now. I'd be interested in revisiting the purchase when you're up to it. I'll keep you in my prayers.
I'm about to be foreclosed on..
So if you're interested I need to sell it quick.
Jim did not leave any life insurance at all.
He left a huge mess behind financially
Oh my! Ok is the full lot for sale or did he sell the back half?
The full lot
iMessage

7:35
25

2

Patricia >

New Contact Name
Pat Nixon

Update

Ok Jim told me he'd sold the back half. How much?

$650,000 for the whole thing

Jun 15, 2020 at 7:28 PM

Hi Stephanie,

I have another investor who would like to move forward before you're foreclosed on. Do you have a recent mortgage statement that you can send me?

I'll have to be closing in less than 30 days, ma'am, to be completely forthcoming.

7:36 25

Patricia >

**New Contact Name**
Pat Nixon

Update

Ok let's move on it. He has the cash. If you send me a pic of the statement I can send to him and likely get him out there tomorrow

I do not have a current one

I apologize

What would be sufficient?

What's the most recent? Just send me what you have. I'll send it to him and we will go from there

And unfortunately, I am in training for my job this week from Monday-Saturday, 11 am-8 Pm.

7:36

25

Patricia >

New Contact Name
Pat Nixon

Update

I do not have any of it .. When Jim passed nothing was in order and I have no idea where he put or what he did with any documentation

Like I said..
It's a HORRIBLE mess

We were set to make a purchase today for 470,000. Unfortunately they excepted a higher being at the last minute so I told him about your house. I am going to send you over some questions that he asked me that I did not have the answer to. Send me the answers to those questions and then whatever time it is that you get home send me

iMessage



Patricia
New Contact Name
Pat Nixon
Update
the mortgage statement. The sooner I can get everything to him the sooner he can move.
I understand. We will work with what you have and hopefully it's enough for him to decide to move forward.
Ok
Please allow me to call you briefly in about one hour when I am logged off from work
I'll explain a bit so you have a better idea and we can go from there
Some other questions:
1. Ball park of what's owed.
2. Monthly payments.
Message

Patricia
New Contact Name
Pat Nixon
3. How old is note.
4. Specifics of the note.
Ok call me then
Thank you ma'am
Ma'am I would prefer that I be admin on any phone correspondence between Mr. Dan and my mortgage holder.
I can schedule as conveniently as possible for you guys around this crazy work schedule I'm under this week.
Please let me know if acceptable.
Message

Jun 16, 2020 at 7:29 AM
Good morning! I just sent this to Dan.
Jun 16, 2020 at 12:25 PM
Thank you 🙂
Read
iMessage

7:35

Patricia >

**New Contact Name**
Pat Nixon

Update

iMessage
Jun 15, 2020 at 10:40 AM

Hi Stephanie! Just wanted to check in to see if you all were ever able to sell the house.

No I have not yet

Jim passed away a few weeks ago..

Oh my gosh!! I'm so sorry to hear that. How are you and your daughter?

Thank you

We're just trying to get through it all



10:52

DB

Dan

at 8:30 after I speak with him

I would prefer to set up a call between the 3 of us actually. Can you schedule for this evening?

I just confirmed with Tim for 8:30 this evening. Is that convenient for you?

Yes. However I would strongly suggest you don't jump on the call due to the intertwining of business and personal relationship with him. He is going to need to vent about the situation. And then I need him to make a good business decision not an emotional one.. with you on the call it is going to be very difficult for that to happen.. I am of course happy to update you

Text Message



Dan
happy to update you afterwards.
Of course if you disagree then I will try my best with you on the call but I do feel this lowers the odds of success
I appreciate your concern, but I prefer to be on the call.
Ok 830 it is. Who do I call?
I will contact you at 8:30, Sir. Then we will bridge Tim into the conference call.
Sounds good
Thank you. I look forward to speaking with you later. Have a great afternoon.
Text Message

DB
Dan
Hi Stephanie I am working through things on my end. You had mentioned you had received a couple offers previously. Can u share with me approximately how much those were for?
$700,000
Just the one?
Yes
Hi Stephanie would it be possible to get in to the house early next week for a look?
I can do Sunday or Wednesday
Text Message

DB
Dan
Wednesday would be better. What kind of options do u have for timing?
I'm off on Wednesday. I would prefer earlier. Say.. 9 am?
My business partner has an appointment in sherman at 10 am. He could meet you at 830? Or at 11?
11 would be fine
Ok perfect. His name is buddy. I will give him your number
Do u have a survey u can send me?
No I do not
Please ask him to contact
Text Message

DB
Dan
Please ask him to contact me today so I can confirm the appointment with him
Yes
Ok ty
Sir, I apologize to you. I just realized Sunday is Fathers Day and I have prior obligations with family, of course. My next day off is the following Wednesday, June 24.
Does ghat work for your schedule?
Not sure what you are talking about...we set up for Wednesday at 11am
Sir, forgive me your correct. I
Text Message

10:53

DB

Dan

Sir, forgive me your correct. I was looking at my calendar incorrectly. Disregard please. I will see you guys Wednesday.

Thx

Thank you

Jun 21, 2020 at 5:39 PM

Hello Sir, unfortunately I will need to reschedule on Wednesday. I can schedule with you for 2 Pm on Wednesday, 6/24. Would you or your partner be available?

Yes

Ok great. See you then

Read

Text Message



DB
Dan
Text Message
Jun 16, 2020 at 8:42 AM
Hey Stephanie this is Dan Blackburn...Pat asked me to give u a call again this morning
Hello Sir
I apologize, I'm just now getting a break.
Np. Do u want to get on the phone now?
I can not unfortunately..
I can speak at 8:30 this evening or text now
Well I'm happy to give Tim a call. I just need his contact info. I can report back to you at 8:30 after I speak with
Text Message



Buddy (Dan Blackburn's Partner)

property you do not have legal rights too. If you have any questions call your attorney. The cops are on the way. We will be pressing charges and letting the courts know of your actions.

Oct 5, 2022 at 5:49 PM

Rajesh, I got your name and contact information from a Farm and Ranch Real Estate purchase contract for 5555 state hwy tx-160 in Whitewright Texas. Our group foreclosed on the property yesterday, filed the deed, and the title is now clear to sell. I have a title commitment if you are still interested in this property let me know immediately. If not, disregard this text. Thanks

Text Message

B
Buddy (Dan Blackburn's Partner)
Text Message
Confirming 5555 state hwy 160 - 11am meeting 06.24.2020. Thanks
Yes
Ok
Thank you, see you again
*then
Read
Stephanie I am calling the Sheriff to let them know you are breaking and entering a property you do not have legal rights too. If you have any questions call your attorney. The cops are on
Text Message