# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| STEPHANIE ELAM BURTON, § <br> § <br> *Plaintiff,* § <br> § <br> v. § <br> § <br> HWY 160 REVOCABLE TRUST; § <br> SILVER LEAF ASSISTED LIVING & § <br> MEMORY CARE; BUDDY VOTH; § <br> DAN BLACKBURN; PATRICIA § <br> NIXON; TIMOTHY THOMPSON; and § <br> iNURSE DELEGATE § <br> § <br> *Defendants.* § | Civil Action No. 4:24-cv-606 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Motion to Dismiss Pursuant to Federal Rules [sic] of Civil Proceudre [sic] 12(b)(5) of Defendants Hwy 160 Revocable Trust; Silver Leaf Assisted Living & Memory Care; Buddy Voth and Dan Blackburn (Dkt. #15). Having considered the Motion, the relevant pleadings, and the applicable law, the Court finds that the Motion should be **DENIED.**

## BACKGROUND

This is a property dispute. The merits of this litigation involve the alleged wrongful foreclosure of Plaintiff Stephanie Elam Burton's home by Defendants.[1] According to Plaintiff, Defendants fraudulently convinced Plaintiff that her home was being foreclosed as part of a scheme to turn her home into a nursing home or assisted living facility. As a result, Plaintiff sued

---

[1] As defined in Plaintiff's Complaint (Dkt. #1), Defendants are Hwy 160 Revocable Trust; its creators, Buddy Voth and Daniel Blackburn; Silver Leaf Assisted Living & Memory Care; iNurse Delegate; its creator Patricia Nixon; and Timothy Thompson. The Court will refer to them, collectively, as "Defendants."

Defendants, asserting claims for misrepresentation and violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). The instant dispute, however, is a procedural one.

On July 2, 2024, Plaintiff initiated this lawsuit in the Northern District of Texas (Dkt. #1). The case was subsequently transferred to this Court (Dkt. #6). On July 16, 2024, the Court's docket reflects that Summonses were issued to all Defendants (Dkt. #8; Dkt. #9; Dkt. #10; Dkt. #11; Dkt. #12; Dkt. #13; Dkt. #14). Yet Defendants insist that they were never properly served with Summons as required by Federal Rule of Civil Procedure 4(m) (Dkt. #15 at p. 2). Accordingly, on February 17, 2025, they filed the instant Motion to Dismiss under Rule 12(b)(5) (Dkt. #15). Plaintiff responded on February 18, 2025, conceding that "the Defendants were unable to be served" due to difficulties associated with Defendants' aliases, Plaintiff's bereavement, and searching for local counsel (Dkt. #16 at pp. 1–2). She accordingly requests that the motion be "denied and stayed" until she returns from bereavement (Dkt. #16 at p. 2).

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(5) allows a party to file a motion to dismiss for insufficient service of process. FED. R. CIV. P. 12(b)(5). A district court has "broad discretion to dismiss an action for ineffective service of process." *Kreimerman v. Casa Veerkamp*, S.A. de C.V., 22 F.3d 634, 645 (5th Cir. 1994). "Federal Rule 4(m) permits dismissal of a suit if the plaintiff fails to serve a defendant within [ninety] days of filing, but provides that 'if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.'" FED. R. CIV. P. 4(m); *Gartin v. Par Pharm. Cos., Inc.*, 289 F. App'x 688, 692 (5th Cir. 2008). "[G]ood cause under Rule 4(m) requires 'at least as much as would be required to show excusable neglect,

2

as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" *Gartin*, 289 F. App'x at 692 (citations omitted).

## ANALYSIS

The issue before the Court is whether it should extend Plaintiff's deadline for service. Indeed, the Court recognizes that Plaintiff undoubtedly missed the 90-day deadline prescribed by the Federal Rules, rendering her service defective (*See* Dkt. #15; Dkt. #16). FED. R. CIV. P. 4(m). The question, then, is whether her ineffective service warrants dismissal. It does not.

Under the Federal Rules, if a plaintiff does not effectuate proper service within ninety days of filing the complaint, the Court may either dismiss the action without prejudice or allow additional time for service. *See* FED. R. CIV. P. 4(m); *see also Schopp v. Results Nat'l LLC*, No. 4:16-CV-00890-ALM-KPJ, 2017 WL 6030081, at *3 (E.D. Tex. Nov. 15, 2017). Upon a showing of good cause for improper service, however, the Court *must* extend the time for service. FED. R. CIV. P. 4(m) (emphasis added); *see also Lahman v. Nationwide Provider Sols.*, No. 4:17-CV-00305, 2017 WL 4169000, at *3 (E.D. Tex. Sept. 20, 2017). Good cause requires more than inadvertence, mistake of counsel, or ignorance of the rules. *Lahman*, 2017 WL 4169000, at *3; *see Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990). A plaintiff must show excusable neglect, as well as establish good faith and a reasonable basis for not serving the summons and complaint within the time allowed by the rules. *Sign Supplies*, 903 F.2d at 1013. Even if a plaintiff lacks good cause, however, the Court has discretion to extend the time for service. *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008).

Here, Plaintiff has demonstrated good cause for her failure to serve Defendants within the requisite 90-day deadline. It is clear from Plaintiff's Response that her delay did not result from

3

intentional neglect or strategic gamesmanship (Dkt. #16). Rather, it stemmed from her ongoing bereavement, her inability to locate Defendants, and her failed attempts to secure local counsel (Dkt. #16). In the Court's view, this constitutes excusable neglect. *Sign Supplies*, 903 F.2d at 1013.

In light of the Fifth Circuit's general distaste for dismissing cases for improper service, the Court will not allow a procedural misstep to derail this litigation. *See Jim Fox Enters., Inc. v. Air France*, 664 F.2d 63, 64 (5th Cir. 1981) ("[T]he availability of proper service turns into the question whether there is any possibility . . . that [the plaintiff] may meet the requirements of Rule 4(d)(3) and thus save its complaint from an early jurisdictional grave. If so, then we must not dismiss."). This is especially true here, where Defendants have not shown any prejudice attributable to Plaintiff's tardy service—as evident by Defendants' actual notice and active participation in this case (*See* Dkt. #15 (filing motion to dismiss for improper service); Dkt. #18 (submitting initial disclosures); Dkt. #19 (participating in Rule 26(f) management conference)). *Lahman v. Cape Fox Corp.*, No. 4:17-CV-305, 2019 WL 1150628, at *5 (E.D. Tex. Mar. 13, 2019). As the Court has recognized time and again, "[t]he purpose of service[] is to give appropriate notice to allow parties to properly present their substantive arguments and not to create considerable procedural hurdles to delay an action." *Id.* (citing *WorldVentures Holdings, LLC v. Mavie*, No. 4:18CV393, 2018 WL 6523306, at *7 (E.D. Tex. Dec. 12, 2018)). The Court will not send this case to an early jurisdictional grave because of Plaintiff's late service. *See Jim Fox Enters.*, 664 F.2d at 64.

## CONCLUSION

It is therefore **ORDERED** that Motion to Dismiss Pursuant to Federal Rules [sic] of Civil Proceudre [sic] 12(b)(5) of Defendants Hwy 160 Revocable Trust; Silver Leaf Assisted Living & Memory Care; Buddy Voth and Dan Blackburn (Dkt. #15) is hereby **DENIED.**

It is further **ORDERED** that Plaintiff has **30 days** from the date of this Order to effectuate service upon Defendants.

**IT IS SO ORDERED.**

**SIGNED this 13th day of August, 2025.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE